### No. 2485
### Second Circuit

---

THE PEOPLES HOMESTEAD & SAVINGS ASSOCIATION v. C. J. ADAMS
JOHN J. ADAMS, Inervenor and Third Opponent
THOMAS J. JACKSON, Intervenor and Third Opponent
SLAGLE-JOHNSON LUMBER CO., Intervenor and Third Opponent

---

(December 10, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor)*

1.   Louisiana Digest—Courts—Par. 128.
Under the Constitution of 1921, Section 10, Article VII, and Act No. 19 of 1912 the Court of Appeal has no jurisdiction of the distribution of a fund of $4005.00 between the owner of a privilege and the judgment creditor. The Supreme Court has jurisdiction of all cases of this type involving more than $2000.00.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

This is a suit in which the plaintiff seized land and improvements under an executory process. The intervenors claim a privilege on the land and improvements. There was judgment in favor of the intervenors and third opponents. The plaintiff appealed. The Court of Appeal being

without jurisdiction transferred the case to the Supreme Court.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for intervenors, appellees.

REYNOLDS, J.    Under executory process in suit No. 12,681 on the docket of the Sixth Judicial District Court of Louisiana in and for the Parish of Ouachita entitled The Peoples Homestead & Savings Association versus C. J. Adams lot No. 12 of Block No. 2 of T. E. Flournoy's First Addition to the town of West Monroe, Louisiana, was duly seized and sold according to law, the land and the improvements thereon being appraised and sold separately, the land for $500.00 and the improvements for $3505.00.

Slagle-Johnson Lumber Company, Inc., filed a petition of intervention and third-opposition in the suit in which it set up that it had sold and delivered to C. J. Adams building material of the value and at the price of $1054.53 for use in improving and actually used by him in improving the property so seized and sold; that it had duly registered in the office of the recorder of mortgages of Ouachita parish its claim of a privilege on the property to secure the payment of the debt, and demanded to be paid the amount of its claim with legal interest thereon from February 11, 1924, by preference over the seizing creditor and all other creditors of C. J. Adams.

The Peoples Homestead & Savings Association filed an answer to the intervention and third-opposition of Slagle-Johnson Lumber Company, Inc., putting the allegations of its petition of intervention and third-opposition at issue.

The case was tried upon a written agreed statement of facts.

The district court rendered judgment in favor of the intervenor and third-opponent Slagle-Johnson Lumber Company, Inc., for the sum of $1054.53 with legal interest thereon from February 11, 1924, until paid, and ordered the judgment paid out of the proceeds of the property seized and sold by preference over all creditors and particularly the Peoples Homestead & Savings Association, and that the defendants pay all costs.

From this judgment The Peoples Homestead & Savings Association has appealed.

OPINION.

The fund to be distributed is $4005.00, and, under Section 10 of Article VII of the Constitution of 1921 this court is without jurisdiction; and under Act No. 19 of 1912 the case must be transferred to the Supreme Court to be there proceeded with as it had been appealed to that court in the first instance.

It is therefore ordered, adjudged and decreed that this case be transferred to the Supreme Court of the State of Louisiana.